UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

HARVEY J. JOHNSON, JR.,

Petitioner,

v.

ST. LOUIS COUNTY JAIL, et al.,

Respondents.

Case No. 16-CV-1267 (PJS/BRT)

ORDER

HARVEY J. JOHNSON, JR.,

Plaintiff,

v.

ST. LOUIS COUNTY, et al.,

Defendants.

Case No. 16-CV-1268 (PJS/BRT)

HARVEY J. JOHNSON, JR.,

Plaintiff,

v.

ERIN BLAKE NYBERG, et al.,

Defendants.

Case No. 16-CV-1270 (PJS/BRT)

HARVEY J. JOHNSON, JR., et al., Case No. 16-CV-1271 (PJS/BRT)

Plaintiffs,

v.

BARACK OBAMA, P.O.T.U.S., et al.,

Defendants.

---

These four cases are before the Court on the objection of Harvey J. Johnson, Jr. to two Reports and Recommendations ("R&Rs") issued by Magistrate Judge Becky R. Thorson on June 3, 2016. In one R&R, Judge Thorson recommends dismissing Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2241; in the other R&R, Judge Thorson recommends dismissing Johnson's three civil-rights lawsuits under 42 U.S.C. § 1983. Johnson filed one objection, which was entered on the docket of each of the four cases. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Thorson and adopts both of her R&Rs.

Johnson's objection is difficult to follow and does not distinguish between his habeas and civil-rights actions. As best as the Court can tell, his main objection to Judge Thorson's recommended dispositions is that he has not yet presented his cases to a jury. But § 2241 petitioners are not automatically entitled to an evidentiary hearing, *see Kendrick v. Carlson*, 995 F.2d 1440, 1446 (8th Cir. 1993), let alone a jury trial. And

§ 1983 lawsuits by prisoners seeking to proceed in forma pauperis (as Johnson does) may be "screened" and dismissed without violating any jury-trial right. *See Smith v. Bridgestone N. Am. Tire Operations, LLC*, C/A No. 1:10–1757–MBS, 2010 WL 4027972, at *3 (D.S.C. Oct. 14, 2010) (collecting cases from Second, Third, Fourth, Fifth, and Sixth Circuits).

After reviewing the pleadings, the Court agrees with Judge Thorson that all four of Johnson's lawsuits should be dismissed, for the reasons given in the R&Rs.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Johnson's objections [Case No. 16-CV-1267, ECF No. 13; Case No. 16-CV-1268, ECF No. 17; Case No. 16-CV-1270, ECF No. 8; Case No. 16-CV-1271, ECF No. 10] and ADOPTS the June 3, 2016 R&Rs [Case No. 16-CV-1267, ECF No. 10; Case No. 16-CV-1268, ECF No. 14; Case No. 16-CV-1270, ECF No. 6; Case No. 16-CV-1271, ECF No. 8]. IT IS HEREBY ORDERED THAT:

1. Johnson's petition under 28 U.S.C. § 2241 [Case No. 16-CV-1267, ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2. No certificate of appealability will issue in Case No. 16-CV-1267.

3. Johnson's complaints under 42 U.S.C. § 1983 [Case No. 16-CV-1268, ECF No. 1; Case No. 16-CV-1270, ECF No. 1; Case No. 16-CV-1271, ECF No. 1] are DISMISSED WITHOUT PREJUDICE.

4. Johnson's motions to proceed in forma pauperis [Case No. 16-CV-1267, ECF No. 3; Case No. 16-CV-1268, ECF No. 2; Case No. 16-CV-1270, ECF No. 2; Case No. 16-CV-1271, ECF No. 2] are DENIED AS MOOT.

5. All other pending motions are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: July 25, 2016

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge